WATT *v.* HARDWARE CO.

PER CURIAM. This case was tried at March Term, 1919, of RICH-MOND. On motion of the defendant the plaintiff was nonsuited at the close of the evidence and appealed. The case on appeal was agreed and filed in the office of the clerk of the Superior Court of Richmond some months ago.

The transcript on appeal, not having been docketed here in the time required at this term, the appellee prepared the certificate required by Rule 17 for this motion and forwarded the same to the clerk of Richmond with request to sign the same. The clerk of Richmond telephoned the defendant's counsel, who resided in Robeson, that the plaintiff's counsel had two weeks previously come to his office and paid him $20 on account for making out the transcript, and requested him to prepare the same, and declined to sign and return the certificate.

This action of the clerk was entirely without authority, and the appellee was entitled to said certificate upon application and payment of the costs of the certificate. It was for this Court, and not for the clerk below, to decide upon the rights of the parties as to the motion to dismiss. If this were not true, it would be in the power of a clerk below to control the course of appeals to this Court.

It would seem that the appellant was in laches for putting off his application for the transcript of the record until just before the time when it should have been sent up, though the appeal was taken in March last, and he was further in laches that when the clerk delayed in making out the transcript he did not take steps to have it made out himself and certified to by the clerk. If there was any valid excuse the appellant should have filed his application for a *certiorari,* in apt time, in this Court or have answered the motion to dismiss under Rule 17 by showing cause.

The rights of the appellee cannot be thus denied, and the motion to dismiss under Rule 17 must be granted.

Motion allowed.

---

W. W. WATT v. SHAPLEIGH HARDWARE COMPANY.

(Filed 19 November, 1919.)

**Evidence—Instructions.**

> *Held,* a question of fact for the jury under correct instructions given them.

APPEAL from *Adams, J.,* at February Term, 1919, of MECKLENBURG, from judgment upon these issues:

"1. Is the defendant indebted to the plaintiff? 'Yes.' If so, in what amount? Answer: '$2,943.66.'

"2. Has the defendant tendered to the plaintiff any payment upon plaintiff's alleged indebtedness? If so, what is the amount of the tender and the date thereof? Answer: 'Yes; $1,493.61, on 26 August, 1918.'"

From the judgment rendered the defendant appealed.

*E. R. Preston and Clarkson, Taliaferro & Clarkson for plaintiff.*
*A. B. Justice for defendant.*

PER CURIAM. Upon an examination of the record in this case, the Court is of opinion that the only question involved is one of fact, which has been determined by the jury in favor of the plaintiff under a clear charge, free from error.

No error.

---

NINFA MORMINO MASCARI, A. J. LYMAN, ADMR., ET AL. v. W. H. LASATER AND J. W. WOLFE.

(Filed 10 December, 1919.)

**Evidence—Contracts—Lands—Fraud—Questions for Jury—Trials.**

In this action to enforce a contract to purchase land wherein plaintiff's title was denied upon the alleged existence of a prior similar contract made with another, with allegation and evidence that the prior contract had been procured by fraud: *Held,* there was sufficient evidence to sustain a verdict and judgment in plaintiff's favor, and no error found upon the trial sufficient to disturb them.

APPEAL from *Finley, J.,* and a jury, at October Term, 1919, of BUNCOMBE.

Verdict and judgment for plaintiff, and defendant, W. H. Lasater, excepted and appealed.

*Mark W. Brown for plaintiff.*
*Merrimon, Adams & Johnston for defendants.*

PER CURIAM. The action was instituted by Mrs. Ninfa Mormino Mascari against W. H. Lasater and J. W. Wolfe to enforce a contract to purchase a lot belonging to plaintiffs, against the defendant, J. H. Wolfe, and to remove cloud upon plaintiff's title, created by a previous contract on part of Mrs. Mascari, the original plaintiff, to sell the same lot to W. H. Lasater, the ground of relief alleged against said Lasater being that his contract was procured by false and fraudulent representa-